**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KATHLEEN VITA,<br><br>For herself and the Class,<br><br>v.<br><br>BETH ISRAEL DEACONESS MEDICAL CENTER, INC.,<br><br>Defendant. | **Case No. 1:25-cv-11383-JEK**<br><br>**Leave to file granted on August 27, 2025 (Doc. No. 19)** |

**PLAINTIFF'S SUR-REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

SHAPIRO HABER & URMY LLP
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
Patrick J. Vallely (BBO #663866)
One Boston Place
Suite 2600
Boston, MA 02108
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Counsel for Plaintiff***

BIDMC makes several new arguments and cites new legal authorities on reply on its motion to dismiss. This sur-reply addresses those new arguments and authorities; as argued below, the new arguments and authorities do not support BIDMC's arguments for dismissal.

## I. BIDMC's New Arguments and Authorities on the Meaning of "Intercept" and "Acquire" Do Not Support Its Arguments on Plaintiff's ECPA Claims.

Faced with significant, established authority that a party may "intercept" its own communication by redirecting it to an undisclosed third-party eavesdropper (*see* Doc. No. 15 at 9-13), such as by wearing a wire or deploying the digital equivalent of a wire (the tracking technologies at issue here), BIDMC presents a new argument—that an "acquisition" can occur **only** by the act of "coming into possession" of a communication. Doc. No. 17 ("Reply") at 2 & n.6. All parties, however, "come into possession" of communications to which they are a party simply by being a participant in the communication. If BIDMC's argument were adopted, no party could ever intercept their own communication, which is plainly incorrect, as the ECPA contemplates liability for parties who "intercept" their own oral, wire, or electronic communications for a criminal or tortious purpose. 18 U.S.C. § 2511(d). Notably, BIDMC admitted in its opening brief that a party may be liable for "wearing a wire" (Doc. No. 13 at 14 n.33), even though a wire does not cause a party to "come into possession" of a communication—participants to a verbal conversation come to possess it by hearing it, as BIDMC's authorities describe.

In any event, BIDMC's new authorities do not hold that "coming into possession" of a communication is the only way to intercept it, nor do they exclude other acts that may constitute interception by "acquisition," such as simultaneous duplication or redirection of a communication.

BIDMC's lead authority for this new argument, *United States v. Seidlitz*, 589 F.2d 152, 157 n.17 (4th Cir. 1978), in the context of "aural" communications, discussed the definition of "aural acquisition" only in a footnote that the Court did not use as any part of its holding. The court reached no holding that interceptions only include "coming into possession" of a communication, which, as noted, would categorically exclude all parties to communications from the ECPA's scope, which cannot be correct.

*Smith v. Wunker*, 356 F. Supp. 44, 46 (S.D. Ohio 1972) confirms that interceptions may involve an "unseen auditor" of a communication—precisely what Plaintiff alleges here. The case does not hold, however, that only the "auditor" may be liable, nor does it hold or suggest an exclusion from liability of parties who wear wires or plant bugs or their digital equivalents that redirect communications to an "auditor." Furthermore, the *Smith* decision—issued in 1972—construed the phrase "**aural** acquisition" as meaning to "come into possession through the sense of hearing," but this predates the 1986 ECPA amendment, which expanded the definition of "intercept" to include "the aural or **other acquisition**" and to encompass "electronic" communications. 18 U.S.C. § 2510(4). *Smith* does not address what acts may constitute an acquisition of electronic communications. *Compare* Doc. No. 15 at 9-13.

Finally, BIDMC's authority, *United States v. Moriarty*, 962 F. Supp. 217, 219 & n.2 (D. Mass. 1997), undermines its argument, explaining how *Wunker* construed the more limited pre-1986 definition of "intercept" and explaining—specifically in the context of electronic communications—why BIDMC's concerns about email forwarding are misplaced, given other elements of a wiretapping claim (the contemporaneous element in particular). *Id.* at 219-21.

## II. BIDMC's New Arguments on the MRPA Claim Misstate Applicable Case Law.

BIDMC presents two new arguments on the MRPA claim that misstate the law. First, it points to several Massachusetts appellate cases that it describes as "rejecting plaintiffs' public disclosure claims as non-viable." Reply 11-12 & n.29. Those cases do not reject "plaintiffs' public disclosure claims." None of the cases bear any factual similarity to Plaintiffs' claims, and the legal reasons for dismissal are completely different than BIDMC's argument here. *Mulgrew v. Taunton*, 410 Mass. 631, 637 (1991) (dismissing claim arising from disclosure of information on police officer's mental health based primarily on "public…interest in having a police force comprised of competent and able individuals"); *Gauthier v. Police Comm'r of Boston*, 408 Mass. 335, 338-39 (1990) (disclosure of police officer's positive cocaine test did not violate MRPA given public's "legitimate interest in deterring drug use" by officers); *Howell v. Enter. Publ'g Co., LLC*, 72 Mass. App. Ct. 739, 749-53 (App. Ct. 2008) (newspaper publication of internal

report on misconduct by municipal officials permissible given that the MRPA is "circumscribed by the constitutionally protected right of [the press] to publish matters of legitimate public concern"); *Bratt v. Int'l Bus. Machs.*, 392 Mass. 508, 519-21 (1984) (claim arising from disclosure of employee's mental health issues by company-hired doctor; discussing needs of employment relationship).

On this point, BIDMC falsely cites *Bratt* as "rejecting" an MRPA claim, but the SJC only responded to reported questions from the First Circuit without applying the legal standard to the facts of the case. After the SJC's decision, the First Circuit did not dismiss the MRPA claim but remanded for further fact-finding. *Bratt v. Int'l Bus. Machs. Corp.*, 785 F.2d 352, 354 (1st Cir. 1986) (describing procedural history). Later, after the district court dismissed the MRPA claim, the First Circuit **reversed** that dismissal, **affirming** an MRPA claim for the unauthorized disclosure of healthcare information, focusing on the fact that, like here, the company's disclosure violated its own policies. *Id.* at 362-63.

BIDMC also argues, with respect to the tort of disclosure of private facts codified by the MRPA, that "the Massachusetts appellate courts have not yet addressed" whether "a public disclosure claim requires dissemination to the public at large," suggesting this Court should adopt such a requirement based on the Restatement 2d of Torts and cases applying other states' law. Doc. No. 17 at 12 & n.30. In fact, the SJC explicitly rejected a rule that would require "dissemination to the public at large." In the same SJC decision in *Bratt* that BIDMC incorrectly cites as an example of an appellate court rejecting an MRPA claim (see paragraph above), the SJC held that "the disclosure of private facts about an employee among other employees in the same corporation can constitute sufficient publication under" the MRPA. 392 Mass. at 519. The SJC considered but expressly rejected the narrower definition of the tort reflected in the Restatement provision BIDMC cites, which would require disclosure "to the public at large," explaining that "we depart somewhat from the Restatement's conception of the tort." *Id.* at 519 n.15. The Court should reject BIDMC's invitation to contradict controlling SJC precedent.

## III. Conclusion

The Court should deny BIDMC's motion to dismiss.

Dated: August 28, 2025

Respectfully submitted,

*/s/ Patrick J. Vallely*
SHAPIRO HABER & URMY LLP
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
Patrick J. Vallely (BBO #663866)
One Boston Place
Suite 2600
Boston, MA 02108
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was filed electronically through the Court's electronic filing system and that notice of this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system.

Dated: August 28, 2025

*/s/ Patrick J. Vallely*
Patrick J. Vallely