UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN VITA,<br><br>For herself and the Class,<br><br>v.<br><br>BETH ISRAEL DEACONESS MEDICAL CENTER, INC.,<br><br>Defendant. | No. 25-cv-11383-JEK |

**DEFENDANT BETH ISRAEL DEACONESS MEDICAL CENTER, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO MOTION TO DISMISS (ECF #s 12-13)**

Defendant Beth Israel Deaconess Medical Center, Inc. ("the Hospital") respectfully calls the Court's attention to newly issued authority relevant to the Hospital's pending motion to dismiss (ECF #s 12-13) ("MTD"). On August 29th, Magistrate Judge Levenson issued a Report and Recommendation to Judge Gorton regarding Defendant Lawrence General Hospital ("LGH")'s motion to dismiss Plaintiff Jane Doe's amended complaint in the parallel case of Doe v. Lawrence General Hospital. (See No. 25-cv-10081, ECF # 41 (D. Mass. Aug. 29, 2025), attached here as **Exhibit A**). The same law firm represents Plaintiff Doe in that case and Plaintiff Kathleen Vita in this one, and Plaintiff Doe's amended complaint against LGH (No. 25-cv-10081, ECF # 27-1) is largely copied and pasted from Plaintiff Vita's Amended Complaint against the Hospital here (ECF # 15-1), or vice-versa—including asserting the very same claims on the same legal theories in largely identical language.

Magistrate Judge Levenson recommended that Judge Gorton grant LGH's motion to dismiss Plaintiff Doe's ECPA claim (Count I) and then remand her remaining state law claims to the

Superior Court. Magistrate Judge Levenson's detailed analysis underlying that recommendation lends further support to multiple arguments the Hospital has made for dismissal of Plaintiff Vita's ECPA claim here (also Count I), including:

(1) for purposes of the "crime/tort" exception to the ECPA's default rule of one-party consent, see 18 U.S.C. § 2511(2)(d), the distinction between a party's conscious purpose/goal and the mere effect of its action is critical, with only the former (a high bar to plead and prove) triggering the exception (see Ex. A at 13-14, 18-22, 29-34);

(2) to trigger the exception, an object crime or tort must be "separate and independent" from the alleged interception itself, not one and the same activity—and the lack of such independence is "fatal" to an ECPA claim (see Ex. A at 22-25, 29-30); and

(3) the ECPA is a felony statute that imposes criminal penalties upon any violations that could give rise to civil liability (see Ex. A at 14-15).

Magistrate Judge Levenson concluded that "[t]he allegations of [Plaintiff Doe's amended complaint against LGH] fail to plausibly support an inference that LGH's purpose in deploying the web tracking tools was anything other than the usual reason why website operators use such tools: to help run their websites" (Ex. A at 31)—just as the Hospital argues in its MTD here.

Respectfully submitted,

BETH ISRAEL DEACONESS MEDICAL CENTER, INC.

By its attorneys,

Dated: September 10, 2025

/s/ *Max Doherty*
David Quinn Gacioch (BBO# 660784)
Max Doherty (BBO# 713020)
McDERMOTT WILL & SCHULTE LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021

dgacioch@mwe.com
mdoherty@mwe.com
Telephone: (617) 535-4000
Fax: (617) 535-3800

*Attorneys for Defendant Beth Israel Deaconess Medical Center, Inc.*

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 10, 2025.

*<u>/s/ Max Doherty</u>*
Max Doherty (BBO# 713020)