**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KATHLEEN VITA,<br><br>For herself and the Class,<br><br>v.<br><br>BETH ISRAEL DEACONESS MEDICAL CENTER, INC.,<br><br>Defendant. | **Case No. 1:25-cv-11383-JEK** |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits this notice of supplemental authority to inform the Court of recent decisions that provide additional authority to assist the Court in resolving questions presented on Defendant's motion to dismiss. Plaintiff submits the following authorities:

(i) *Williams v. TMC Health*, No. CV-23-00434 (D. Ariz. Aug. 19, 2025) (attached as Exhibit A). *Williams* is a subsequent decision in the *Williams v. TMC Health* case BIDMC cites in its motion to dismiss papers, relating to the use of tracking technologies on a healthcare website.[1] The court in *Williams* permitted the plaintiff to file a second amended complaint following the decision BIDMC cites to add factual allegations based on the court's construction of the ECPA's crime-tort exception, and the court then denied a subsequent motion to dismiss, finding that the plaintiff's additional allegations were sufficient to affirm an ECPA claim over the defendants' arguments.[2] In particular, the court described new allegations in the amended complaint that the hospital "was on notice regarding how data containing health information may be disclosed or used if tracking technologies were embedded on their website" and decided to deploy the technologies with such knowledge, and therefore it "intercepted data to

[1] Doc. No. 13 at 11, 27

[2] Magistrate Judge Levenson's report and recommendation in *Doe v. Lawrence General Hospital*, which BIDMC has submitted as supplemental authority (Doc. No. 23), also relies on the prior decision in *Williams v. TMC Health*.

disclose and use that data in violation of HIPAA." *Id.* at 6-7. Plaintiff already makes similar allegations here.[3] The court also rejected the same argument that BIDMC makes here that the ECPA's crime-tort exception does not apply because its motivation "was to make money." *Id.* at 7.[4]

(ii) *Jarrett v. Upperline Health, Inc.*, No. 1:23-cv-01261 (S.D. Ind. Aug. 8, 2025) (attached as Exhibit B). *Jarrett* is a subsequent decision in the *Doe v. Upperline Health* case BIDMC cites in its motion to dismiss papers regarding HIPAA and the ECPA's crime-tort exception.[5] The court, in the decision BIDMC cites, permitted the plaintiff to file a second amended complaint to add new allegations to respond to the court's legal construction of the ECPA, and after the amendment, the court denied a subsequent motion to dismiss the ECPA claim. Ex. B at 7-8, 24-26. In particular, the plaintiff added allegations that the hospital's "business arrangement with Facebook reveals its intent to profit commercially from exploiting Private Information, in violation of HIPAA." *Id.* at 26. Plaintiff already makes substantively the same allegations here.[6]

(iii) *Hartley v. Univ. of Chi. Med. Ctr.*, 2025 U.S. Dist. LEXIS 194466 (N.D. Ill. Oct. 1, 2025) (attached as Exhibit C). In *Hartley*, the court denied a motion to dismiss an ECPA claim relating to the undisclosed use of tracking technologies on a medical provider website, holding that the absence of allegations regarding the use of tracking technologies "within" a patient portal did not matter, given the plaintiff's allegations (similar to those here) that tracking technologies were used on pages to navigate to the patient portal, which are "indicative that the individual has received or will receive health care services," and expressly rejecting the same argument made in this case that *AHA v. Becerra* precludes an ECPA claim arising from the use of tracking technologies on publicly available webpages. *Id.* at *7-15.

---

[3] *See* Amended Complaint (Doc. 15-1) at ¶¶ 34-37, 54 (describing Facebook disclosures to website owners about the functionality and purpose of Meta Pixel, including how consumers' communications disclosed to Facebook can be used for subsequent ad targeting for BIDMC); ¶ 41 (similar allegations for Google); ¶¶ 42-44, 51, 58-59 (describing how BIDMC controls its own website, including whether and to what degree to deploy tracking technologies).

[4] *See* Doc. No. 15 at 18 (Plaintiff's briefing on same issue).

[5] Doc. No. 13 at 11, 29.

[6] *See* Amended Complaint (Doc. 15-1) at ¶ 37 (BIDMC benefits from using tracking technologies through better targeted advertising based on intercepted communications); ¶¶ 174, 177 (describing "commercial advantage" BIDMC obtained in exchange for permitting Google and Facebook to eavesdrop on patient communications, resulting in increased "revenue" for BIDMC).

(iv) *I.T. v. Choicepoint LLC*, 2025 U.S. Dist. LEXIS 169202 (W.D. Wash. Aug. 29, 2025) (attached as Exhibit D). In *Choicepoint*, the court denied a motion to dismiss an ECPA claim relating to the undisclosed use of tracking technologies on a medical provider website, rejecting the same argument BIDMC makes here that "the alleged HIPAA violation and the ECPA violation are one and the same," and holding instead that "an intent to disclose or use private information in violation of HIPAA is distinct from the interception." *Id.* at *22-23. The court also held, contrary to the same argument BIDMC makes here, that "information that identifies an individual and relates to a health condition can support the HIPAA crime-tort exception for ECPA liability, regardless of whether a webpage was publicly accessible." *Id.* at *23-25.

(v) *Juenger v. Deaconess Health Sys., Inc.*, 2025 U.S. Dist. LEXIS 193628 (S.D. Ill. Sept. 30, 2025) (attached as Exhibit E). In *Deaconess Health*, the court denied a motion to dismiss an ECPA claim relating to the use of tracking technologies on a hospital's website, accepting the plaintiff's contention (that Plaintiff also makes here) that "a disclosure that violates HIPAA is a violation of law that is independent of a violation of the ECPA." *Id.* at *25-26.

(vi) *Smith v. Rack Room Shoes, Inc.*, 2025 U.S. Dist. LEXIS 149750 (N.D. Cal. Aug. 4, 2025) (attached as Exhibit F). In *Smith*, the court held that a defendant's disclosure of personally identifiable information to third parties "in contradiction [to] the commitments it made in its privacy policy…plausibly constitute[s] a further invasion of privacy beyond the act of intercepting the information alone," *id.* at *13-14, and the court "join[ed] the majority [of] courts that have held a monetary purpose does not insulate a party from liability" under the ECPA, *id.* at *15.

(vii) *Allen v. Midwest Express Care, Inc.*, 2025 U.S. Dist. LEXIS 151237 (N.D. Ill. Aug. 6, 2025) (attached as Exhibit G). The court in *Allen* upheld an ECPA claim, reasoning that patient status and information on health conditions and treatments are HIPAA-protected information, and interceptions of such information support the ECPA's crime-tort exception. *Id.* at *4-8.

Dated: October 9, 2025

Respectfully submitted,

*Patrick J. Vallely*

SHAPIRO HABER & URMY LLP
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
Patrick J. Vallely (BBO #663866)
One Boston Place
Suite 2600
Boston, MA 02108
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was filed electronically through the Court's electronic filing system and that notice of this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system.

Dated: October 9, 2025

*Patrick J. Vallely*
Patrick J. Vallely