UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN VITA,<br><br>For herself and the Class,<br><br>v.<br><br>BETH ISRAEL DEACONESS MEDICAL CENTER, INC.,<br><br>Defendant. | No. 25-cv-11383-JEK |

**DEFENDANT BETH ISRAEL DEACONESS MEDICAL CENTER'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Yesterday, Plaintiff Kathleen Vita submitted to the Court, as supplemental authority regarding Defendant Beth Israel Deaconess Medical Center ("the Hospital")'s pending motion to dismiss (ECF #s 12-13) ("MTD"), seven district court decisions from other circuits—some of which were issued more than two months ago. See ECF # 24. The Hospital very briefly addresses those decisions below, explaining why none of them actually counsels against granting the Hospital's MTD. But what Plaintiff chose ***not*** to include in her supplemental submission actually speaks volumes.

***First***, on September 29th, Judge Burroughs granted Defendant Tufts Medical Center, Inc. ("Tufts")'s motion to dismiss Plaintiff Karen McManus's amended complaint as to the ECPA claim (Count I) in the parallel case of McManus v. Tufts Med. Ctr., Inc. See No. 25-cv-10008, ECF # 24 (D. Mass. Sept. 29, 2025), attached here as **Exhibit 1**. Judge Burroughs ruled that "the Amended Complaint does not assert facts sufficient to support the inference that Tufts Medical Center intended to commit a criminal or tortious act or that disclosing private medical information to third parties was

the 'primary motivation' or a 'determinative factor' in Tufts Medical Center's decision to record health care consumers' communications using various tracking technologies." She further explained that Plaintiff's allegations were "not sufficient to support the inference that Defendant's purpose was to engage in conduct made impermissible by relevant statutes such as HIPAA or the FTC Act."

***Second,*** as the Hospital previously noted (see ECF # 23), on August 29th, Magistrate Judge Levenson had recommended that Judge Gorton grant Defendant Lawrence General Hospital ("LGH")'s motion to dismiss Plaintiff Jane Doe's amended complaint as to the ECPA claim (Count I) in the parallel case of Doe v. Lawrence Gen. Hosp. See No. 25-cv-10081, ECF # 41 (D. Mass. Aug. 29, 2025). Since then, on September 30th, Judge Gorton overruled Plaintiff Doe's objections to Magistrate Judge Levenson's R&R, fully accepted Magistrate Judge Levenson's recommendation in pertinent part, and granted LGH's motion to dismiss the ECPA claim. See No. 25-cv-10081, ECF # 49 (D. Mass. Sept. 30, 2025), attached here as **Exhibit 2**.[1]

In so doing, Judge Burroughs and Judge Gorton joined Judge Stearns (in Goulart v. Cape Cod Healthcare, Inc., No. 25-cv-10445, 2025 WL 1745732, at *3-4 (D. Mass. June 24, 2025)[2]) and Magistrate Judge Levenson in ruling that the types of allegations plaintiffs have leveled against website owners in this recent tsunami of copycat AdTech litigation are simply not sufficient to state a viable claim under the ECPA. To date, to the best of undersigned counsel's knowledge, ***no*** judge in the First Circuit has ruled otherwise.[3] Magistrate Judge Levenson's, Judge Burroughs', and Judge

[1] In addition to objecting to Magistrate Judge Levenson's R&R, Plaintiff Doe moved to further amend her complaint against LGH, so Judge Gorton refrained from remanding the remainder of the case back to state court until that motion to amend was adjudicated.

[2] On appeal at the First Circuit (No. 25-1672).

[3] Motions to dismiss remain pending before Judge Burroughs in Progin v. UMass Memorial, No. 25-cv-40003, and Caine v. Sturdy Mem'l Hosp., Inc., No. 25-cv-10261; before Judge Saris in Doe v. The Children's Hosp. Corp., No. 25-cv-10343; before Judge O'Toole in Nova v. Boston

Gorton's recent decisions granting motions to dismiss in the LGH and Tufts cases are particularly relevant to the Hospital's MTD here because the same law firm represents the plaintiffs in all three cases and the amended complaints at issue (No. 25-cv-10008, ECF # 18-1; No. 25-cv-10081, ECF # 27-1; and ECF # 15-1 here) are largely copied and pasted from one another—emblematic of this entire wave of predatory litigation.

Following the pattern set in her opposition to the MTD (ECF # 15), and since the start of this case more than two and a half years ago, Plaintiff's supplemental notice tries to sweep this consistent local authority under the rug and distract the Court with as many contrary decisions from elsewhere as can be found. The Court should not let the wool be pulled over its eyes. Contrary to the careful analyses by Judges Stearns, Burroughs, Gorton, and Levenson, the out-of-circuit district court decisions Plaintiff cited in her notice[4] all effectively collapse (and thereby disregard) the ECPA crime-tort exception's requirement of a purpose to use intercepted content to commit a ***separate and independent*** crime or tort—as in the foundational example of secretly recording a conversation for the purpose of later using it to commit extortion or blackmail. They do not address (likely because the defendants in those cases failed to raise) the fundamental defect that 18 U.S.C. § 2520 does not actually create a civil cause of action for alleged aiding or facilitating of purported interceptions by

---

Med. Ctr. Corp., No. 23-cv-10105; and before this Court in Doe v. Baystate Health Sys., Inc., No. 25-cv-10337, and Vita v. New England Baptist Hosp., No. 25-cv-11388.

[4] Williams v. TMC Health, No. CV-23-00434 (D. Ariz. Aug. 19, 2025) (ECF #24-1); Jarrett v. Upperline Health, Inc., No. 1:23-cv-01261 (S.D. Ind. Aug. 8, 2025) (ECF #24-2); Hartley v. Univ. of Chi. Med. Ctr., 2025 U.S. Dist. LEXIS 194466 (N.D. Ill. Oct. 1, 2025) (ECF #24-3); I.T. v. Choicepoint LLC, 2025 U.S. Dist. LEXIS 169202 (W.D. Wash. Aug. 29, 2025) (ECF #24-4); Juenger v. Deaconess Health Sys., Inc., 2025 U.S. Dist. LEXIS 193628 (S.D. Ill. Sept. 30, 2025) (ECF #24-5); Smith v. Rack Room Shoes, Inc., 2025 U.S. Dist. LEXIS 149750 (N.D. Cal. Aug. 4, 2025) (ECF #24-6); Allen v. Midwest Express Care, Inc., 2025 U.S. Dist. LEXIS 151237 (N.D. Ill. Aug. 6, 2025).

others—as Plaintiff alleges the Hospital did here. They do not consider (likely for the same reason) the point that activities undertaken in the ordinary course of business using standard technologies cannot constitute interceptions under the ECPA's definition. They do not grapple with the fact that an ECPA claim simply cannot be viable as a matter of law unless one agrees that the facts alleged would, if proven beyond a reasonable doubt, be enough to convict the defendant of a federal felony and subject them to years in prison.[5]

Beyond the ECPA, several of the decisions Plaintiff submitted also expressly support the Hospital's arguments for dismissal of Plaintiff's other claims. In Jarrett, the court granted the defendant's motion to dismiss as to negligence and negligence *per se* (due to the lack of compensable injury/damages), invasion of privacy by intrusion upon seclusion (due to the lack of any actual intrusion), invasion of privacy by public disclosure of private facts (due to the lack of any actual publication), breach of contract (due to the lack of any enforceable contract and the lack of any compensable injury/damages), unjust enrichment (due to the lack of any expectation of payment upon conferral of a benefit), and other claims. In Choicepoint, the court dismissed the plaintiff's negligence, invasion of privacy, and breach of contract claims for similar reasons. In Juenger, the court similarly dismissed breach of contract, invasion of privacy, unjust enrichment, and breach of implied duty of confidentiality claims. The Court should do the same with respect to Plaintiff's non-ECPA claims here.

---

[5] Also, contrary to Plaintiff's straw man assertion in her notice, see ECF #24 at 2, the Hospital does ***not*** argue that a purpose to "make money" automatically immunizes conduct from application of the crime-tort exception. Intercepting communications with the contemporaneous primary purpose of using the resulting recordings to make money in a criminal way—like blackmail—clearly would trigger the exception. But, as Judge Stearns and others have confirmed, proceeding with a commercial purpose does not trigger the crime-tort exception, even if some aspect of the manner in which data ultimately was used or shared is later argued to be criminal or tortious.

This afternoon, four months after the Hospital filed its motion to dismiss and just two business days prior to oral argument, Plaintiff has now moved to further her amend her complaint. In that filing, Plaintiff tries to use the decisions of Judges Stearns, Burroughs, Gorton, and Levenson—all of which are consistent with longstanding interpretation of the ECPA's crime-tort exception, as set out in the Hospital's MTD briefing—as grounds to allow her further amendment. The Hospital will respond in substance to Plaintiff's eleventh-hour motion as soon as feasible and looks forward to appearing before the Court on Wednesday afternoon, as long-scheduled, to address the motion to dismiss.

Respectfully submitted,

BETH ISRAEL DEACONESS MEDICAL CENTER, INC.

By its attorneys,

Dated: October 10, 2025

/s/ *Max Doherty*
David Quinn Gacioch (BBO# 660784)
Max Doherty (BBO# 713020)
MCDERMOTT WILL & SCHULTE LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
dgacioch@mwe.com
mdoherty@mwe.com
Telephone: (617) 535-4000
Fax: (617) 535-3800

*Attorneys for Defendant Beth Israel Deaconess Medical Center, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 10, 2025.

*/s/ Max Doherty*
Max Doherty (BBO# 713020)