**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KATHLEEN VITA,<br><br>For herself and the Class,<br><br>v.<br><br>BETH ISRAEL DEACONESS MEDICAL CENTER, INC.,<br><br>Defendant. | **Case No. 1:25-cv-11383-JEK** |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits this notice of supplemental authority to inform the Court of several recent decisions that provide additional authority to assist the Court in resolving questions presented on the Motion to Dismiss the Second Amended Complaint filed by Beth Israel Deaconess Medical Center, Inc. ("BIDMC") (Doc. No. 39). These decisions reinforce that the overall trend in authority affirms claims similar to those Plaintiff asserts here and rejects BIDMC's arguments for dismissal.

(i) *Doe v. Baystate Health Sys.*, 2026 U.S. Dist. LEXIS 57677 (D. Mass. Mar. 19, 2026) (attached as Exhibit A). The Court is obviously aware of the *Baystate* decision; Plaintiff submits that it dictates the same outcome for BIDMC's motion to dismiss here.

(ii) *Hannant v. Culbertson Mem'l Hosp. Found.*, 2026 U.S. Dist. LEXIS 57449 (C.D. Ill. Mar. 19, 2026) (attached as Exhibit B). In *Hannant*, the court found adequate allegations to support the ECPA's crime-tort exception, where the plaintiff alleged the interception of communications, including information about plaintiff's doctors, treatments, conditions, and "her log in and use of [a] patient portal," "combined with identifying information" such as her IP address and Facebook identifiers, in order to "obtain marketing services." *Id.* at *14-15, 21. The court also found that "[t]here is an independent criminal act," given that "the allegations identify two steps: (1) the capture of personal health information through trackers embedded in the hospital's website, and (2) the disclosure of this information to third

parties." *Id.* at *19. The court also found that the plaintiff adequately alleged the interception of "content" of communications, including "individuals' status as medical patients, the identity of their medical providers, details of their treatment, and the use of log-in buttons" to the patient portal. *Id.* at *22. Notably, the court in *Hannant* denied the motion to dismiss the ECPA claim after previously granting a motion to dismiss the same claim without prejudice, underscoring that pleading deficiencies regarding the crime-tort exception may often be cured by amendment.

(iii) *McClain v. Cap. Vision Servs., LLC*, 2026 U.S. Dist. LEXIS 52341 (N.D. Ill. Mar. 13, 2026) (attached as Exhibit C). *McClain* observes and holds that "the weight of authority … nationwide holds that a disclosure that violates HIPAA is a violation of law that is independent of a violation of the ECPA," rejecting contrary authorities as "outlier[s]." *Id.* at *10. *McClain* also confirms that "a defendant's alleged commercial or financial purpose does not render the ECPA's crime-tort exception inapplicable." *Id.* at *12.

(iv) *Theys v. Dental Intel., Inc.*, 2026 U.S. Dist. LEXIS 46654 (N.D. Ill. Mar. 6, 2026) (attached as Exhibit D). In *Theys*, the court held that the plaintiffs "have sufficiently alleged that Defendants transmitted their individually identifiable health information to third parties in violation of HIPAA such that the crime-tort exception may apply." *Id.* at *35.

(v) *In re Allstate & Arity Consumer Privacy Litig.*, 2026 U.S. Dist. LEXIS 43200 (N.D. Ill. Mar. 3, 2026) (attached as Exhibit E). *Allstate*, which involved cell phone app tracking technologies, confirmed that "a monetary motive does not foreclose the [ECPA's] crime/tort exception." The court was "particularly persuaded by the reasoning of" *Stein v. Edward-Elmust Health*, 2025 U.S. Dist. LEXIS 31273 (N.D. Ill. Feb. 21, 2025), regarding the proper construction of the ECPA's crime-tort exception, and that the disclosure of "intercepted information to third parties" for subsequent unlawful use can support the exception. *Id.* at *32-33.

Dated: March 31, 2026

Respectfully submitted,

*/s/ Patrick J. Vallely*

SHAPIRO HABER & URMY LLP
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
Patrick J. Vallely (BBO #663866)
One Boston Place
Suite 2600
Boston, MA 02108
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Counsel for Plaintiff and the Proposed Class***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was filed electronically through the Court's electronic filing system and that notice of this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system.

Dated: March 31, 2026

*/s/Patrick J. Vallely*
Patrick J. Vallely