**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KATHLEEN VITA,<br><br>For herself and the Class,<br><br>v.<br><br>BETH ISRAEL DEACONESS MEDICAL CENTER, INC.,<br><br>Defendant. | **Case No. 1:25-cv-11383-JEK** |

**PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits this notice to advise the Court of a recent decision from this District denying a hospital's motion to dismiss that bears on the Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 17) filed by Defendant Beth Israel Deaconess Medical Center, Inc. ("BIDMC"). The decision (attached as Exhibit A) is *Doe v. The Children's Hospital Corp.*, Case No. 25-cv-10343-PBS, 2026 U.S. Dist. LEXIS 145743 (D. Mass. July 1, 2026). Like this case, *Children's Hospital* involved ECPA and common-law claims stemming from the secret use of tracking technologies to intercept communications on a healthcare website.

In denying Children's Hospital's motion to dismiss the ECPA claim, Judge Saris followed this Court's reasoning in *Doe v. Baystate Health Sys., Inc.*, No. 1:25-cv-10337-JEK, 2026 U.S. Dist. LEXIS 57677 (D. Mass. Mar. 19, 2026) on the applicability of the crime-tort exception and held that the plaintiff "plausibly stated a claim that the hospital's interception and disclosure were independent actions taken with the purpose of committing a tortious act, *i.e.*, a violation of Massachusetts' statutory right to privacy." 2026 U.S. Dist. LEXIS 145743, at *4-5. Among the allegations Judge Saris found significant were that Children's Hospital intercepted communications and "disclosed these intercepted

communications to Google and Facebook, all without the patients' knowledge or consent," "Google and Facebook warned that consent should be obtained, but none was," and Children's Hospital "used the intercepted communications for commercial and marketing purposes, specifically to serve targeted advertisements." *Id.* at *2-3. Judge Saris further held that whether the hospital was motivated by a lawful purpose, unlawful purpose, or both, "is a question of fact not fit for resolution at the pleading stage." *Id.* at *5.

On the common-law claims, Judge Saris followed her prior decision in *Doe v. Tenet Healthcare Corp.*, 731 F. Supp. 3d 142 (D. Mass. 2024), which Plaintiff here cites for the same propositions in its opposition to BIDMC's pending motion to dismiss. *Id.*

Dated: July 15, 2026

Respectfully submitted,

*/s/ Patrick J. Vallely*
SHAPIRO HABER & URMY LLP
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
Patrick J. Vallely (BBO #663866)
One Boston Place
Suite 2600
Boston, MA 02108
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Counsel for Plaintiff and the Proposed Class***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was filed electronically through the Court's electronic filing system and that notice of this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system.

Dated: July 15, 2026

*/s/ Patrick J. Vallely*
Patrick J. Vallely